```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

KENNEDY MINNIFIELD,            :

    Petitioner,            :

v.                             :     CIVIL ACTION 07-00492-WS-B

GRANTT CULLIVER,               :

    Respondent.            :

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C. § 2254 by an Alabama prison inmate, which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The record is adequate to determine Petitioner's claim; thus, no federal evidentiary hearing is required. Kelley v. Secretary for Dept. of Corrections, 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005).  Upon careful consideration, it is recommended that the petition be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A) because the Court lacks jurisdiction to consider it.

**I.   NATURE OF PROCEEDINGS.**

Petitioner was convicted of one count of attempted murder and two counts of first-degree robbery in the Circuit Court of Jefferson County, Alabama, in April 1986, for which he received the sentences of life, thirty years, and forty years, respectively, in the state penitentiary.  (Doc. 1, p. 2; Doc. 12, p. 1).

Petitioner's convictions and sentences were affirmed on appeal by the Alabama Court of Criminal Appeals.[1] (Doc. 12, Ex. A). Subsequently, Petitioner filed an unsuccessful Rule 32 petition on June 17, 1996; however, he did not appeal the denial of his petition. (Doc. 12, p. 2).

On March 25, 1998, Petitioner filed a habeas petition in the U.S. District Court for the Northern District of Alabama, namely <u>Minnifield v. Dees</u>, CV No. 97-N-158-S. (Doc. 12, Ex. A) Petitioner raised the following claims in his 1998 petition:

> (1) the lineup procedure whereby he was placed in a lineup with men of considerably different phsycial characteristics tainted the subsequent in-court identification depriving him of due process; (2) the trial court's refusal to grant his motion for a continuance to enable him to adequately prepare a defense of not guilty by reason of insanity violated his die process rights; (3) the trial court erred in denying his motion to sever the trial; and (4) he was incompetent to stand trial.

(Doc. 12, Ex. B, p. 3). By Order dated September 30, 1999, the

---

[1] The date Petitioner filed his direct appeal and the date his conviction and sentence were confirmed by the Alabama Court of Criminal Appeals is unclear from the record. Additionally, whether Petitioner filed a petition for writ of certiorari to the Alabama Supreme Court is not evident from the documents submitted by Respondent nor from Petitioner's petition.

District Court adopted the Magistrate Judge's Report and Recommendation, which determined that Petitioner's incompetency claim was procedurally defaulted and that Petitioner's remaining claims did not meet the requirements of 28 U.S.C. § 2254(d). Accordingly, Petitioner's 1998 habeas petition was dismissed. (Doc. 12, Exs. B & C).

Petitioner raises one claim in the instant habeas petition. (Doc. 1, p. 7). He claims that newly discovered evidence, specifically a psychiatric evaluation from Taylor Hardin Secure Medical Facility, has been obtained which bolsters his claim that he was mentally incompetent to stand trial. (Id.) According to Petitioner, the claim of mental incompetence was raised in his Rule 32 petition but not on direct appeal. (Id.)

Respondent contends that the instant habeas petition should be dismissed because, having previously filed a petition for habeas relief, Petitioner was required to apply to the Eleventh Circuit Court of Appeals for leave in order to pursue the instant successive habeas petition. According to Respondent, this Court lacks jurisdiction to review this petition pursuant to 28 U.S.C. § 2244(b)(3)(A) without authorization from the Eleventh Circuit Court of Appeals. (Doc. 12).

**II. ANALYSIS.**

As a threshold matter, the undersigned notes that Petitioner has pending a request for appointment of counsel (Doc. 13). The

appointment of counsel is not mandatory except in exceptional circumstances where the complexity of the case or the competence of the plaintiff makes pro se prosecution of the claim fundamentally unfair. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Having reviewed Petitioner's petition, the undersigned observes that Petitioner's claims are clearly set forth such that there are no extraordinary circumstances which necessitate the appointment of counsel in this case.  Accordingly, Plaintiff's request for appointment of counsel is due to be DENIED.

The undersigned further finds that Petitioner's habeas petition is due to be denied because it is successive, and Petitioner did not obtain permission from the Eleventh Circuit before filing his petition.  The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") added the provision under 28 U.S.C. §2244(b)(3)(A) which requires that "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), cert. denied, 528 U.S. 1085 (2000).

Petitioner's first habeas petition, as noted supra, was filed on March 25, 1998.  His current petition, filed on July 9, 2007, is clearly a successive petition.  As such, this Court lacks

4

jurisdiction to entertain the current petition absent evidence that Petitioner has obtained permission from the Eleventh Circuit Court of Appeals.  <u>Hill v. Hopper</u>, 112 F.3d 1088, 1089 (11th Cir.), <u>cert. denied</u>, 520 U.S. 1203 (1997).  The record in this case does not reflect that Petitioner obtained an order from the Eleventh Circuit authorizing this Court to consider the instant petition.  <u>U.S. v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005); <u>Farris v. U.S.</u>, 333 F.3d 1211, 1216 (11th Cir. 2003).  Because Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider Petitioner's request for relief. <u>Id.</u>

**III. CONCLUSION**

Accordingly, the undersigned Magistrate Judge recommends that the present habeas corpus petition be dismissed due to Petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).[2]

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

---

[2] Also pending before this Court is Petitioner's "Request to Rule in the Behalf of the Petitioner Kennedy Minnifield: Record Been Destroy - Discovery" [sic] (Doc. 14) and Motion to Return Pleadings (Doc. 16).  These motions are DENIED in light of the instant Report and Recommendation.  Petitioner's Motion for Issuance of a Certificate of Appealability for Appeal (Doc. 17) and Notice of Appeal (Doc. 18) are DENIED as premature.

DONE this the **1st** day of **February, 2008.**

                                        **/S/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.